# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MICHAEL J. SCHNITSKI, )
)
Plaintiff, )
)
v. ) Case No. CIV-07-176-FHS
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Michael J. Schnitski ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on December 8, 1957 and was 49 years old at the time of the ALJ's decision. Claimant completed his education with a Bachelor of Science degree. Claimant has worked in the past as a parts clerk in the United States military and as an assembler. Claimant alleges an inability to work beginning November 8, 1993, due to degenerative arthritis of the knees, hips, back, and both shoulders.

## Procedural History

On May 27, 1994, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.). Claimant's applications were denied initially and upon reconsideration. This decision was not appealed. On June 30, 1995, Claimant filed a second application for disability insurance benefits. On January 29, 1997, a hearing was conducted by ALJ Leslie S. Hauger, Jr. On February 18, 1997, the ALJ found that Claimant was not disabled during the relevant period and denied Claimant's request for benefits. The Appeals Council remanded the claim for further consideration.

On June 28, 2001, a second hearing on Claimant's application was conducted before ALJ James S. Russell. On December 21, 2001, the ALJ issued an unfavorable decision. The Appeals Council again remanded the claim based upon an inaudible hearing tape.

On May 2, 2006, a third hearing on Claimant's application was conducted by ALJ Charles Headrick. On June 30, 2006, the ALJ denied Claimant's application for disability benefits. On April 14, 2007, the Appeals Council declined to review the decision. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

Claimant admits that the date of last insured is March 31,

1999. As a result, the relevant period for review is the period between June 10, 1994 and March 31, 1999.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while certain of Claimant's medical conditions were severe, Claimant did not meet a listing and application of the grids permitted a finding that Claimant was not disabled.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) applying the grids when non-exertional limitations were present; (2) finding substantial evidence exists to conclude Claimant could perform medium work; and (3) failing to consider Claimant's disabled status with the Department of Veterans Affairs.

**Application of the Grids**

Claimant contends the ALJ mechanically applied the grids when non-exertional limitations precluded their application. On August 17, 1993, Claimant was discharged from Tripler Army Medical Center. Claimant had suffered from chronic joint and back pain over the preceding four years. Claimant was diagnosed with degenerative joint disease of the knees, bilaterally, chronic fibromyalgia syndrome, peptic ulcer disease, and hallux valgus, bilateral. (Tr. 120). Discharge from the military was recommended. (Tr. 121).

On January 19, 2004, Claimant underwent an examination at the VA Medical Center in Oklahoma City, Oklahoma. The examining physicians recognized Claimant's complaints of joint pain, but only noted the lack of objective findings. (Tr. 208).

On March 24, 1994, Claimant was examined by VA physicians after complaining of back and hip pain which "impaired ambulation." (Tr. 203). Claimant was found to have tenderness with multiple spasms and positive straight leg raising at 15 degrees, bilaterally. The VA physicians diagnosed Claimant with low back pain with exacerbation. Id. Claimant was referred for an x-ray of the lumbar spine.

On April 4, 1994, Claimant underwent an EMG test with no abnormalities noted. (Tr. 199). Claimant complained to VA physicians that he had been experiencing "catching" in both hips for two weeks which made ambulation difficult. (Tr. 198). Tenderness in the hip was noted but less spasms than the last visit to the VA facility was also recognized. Id.

On April 24, 1994, Claimant presented to the VA complaining of back pain and the flu. Claimant was diagnosed with chronic lower back pain but with no objective findings or abnormalities. (Tr. 195).

On May 18, 1994, Claimant returned to the VA facility complaining of problems walking and sitting due to muscle spasms. Claimant was diagnosed with subjective lower back pain. (Tr. 192).

On October 19, 1994, Claimant was prescribed Canadian crutches, a versa chair, and a shower chair. (Tr. 191, 568). On November 7, 1994, Claimant was examined at the VA Medical Center in Muskogee, Oklahoma. Examination revealed tenderness in almost all of his joints with limited range of motion in all of the joints, but most prominent in the spine, both shoulders, and hips. Claimant also experienced numbness of 50% in the left lower extremities. He was also positive for straight leg raising. (Tr. 566). Claimant was diagnosed with degenerative joint disease of the spine, hip, and sacroiliac area. (Tr. 567).

On December 20, 1994, Claimant underwent an examination at the VA Medical Center in Oklahoma City, Oklahoma. Claimant was found to have crepitus in both knees with complaints of local pain. Tenderness to palpation was noted in the entire thoracic and lumbar spines. The physicians also found the subjective complaints outweighed the objective data. (Tr. 186).

On May 11, 1995, Claimant received a rating decision from the Department of Veterans Affairs. A rating of 30% disability was assessed for the right knee, left knee, right hip, and left hip. Claimant also received a 20% rating for his right and left shoulder. (Tr. 179).

On September 26, 1995, Claimant complained of chronic low back pain and left extremity pain with unknown etiology. (Tr. 152). On July 3, 1995, Claimant underwent an MRI. The testing revealed mild

7

annular bulges at three levels of the lumbar spine. (Tr. 151). Claimant received a five year handicap certificate for parking purposes due to chronic low back pain and degenerative disc disease. (Tr. 146).

In his decision, the ALJ determined Claimant suffered from severe impairments of a pain disorder with pain in the neck, back wrists, shoulders, legs, and knees and obesity. However, he concluded Claimant did not meet a listing. (Tr. 20).

The ALJ also found Claimant's assertions of pain were not entirely credible because he has "exhibited relatively moderate symptoms." (Tr. 22). He also found the record failed to reveal

> the presence of any pathological clinical signs, significant medical findings, or any neurological abnormalities that would establish the existence of a pattern of pain of such severity as to prevent the claimant from engaging in any work on a sustained basis.

(Tr. 22).

The ALJ also noted the failure of any treating physician to place functional restrictions upon Claimant's activities that would preclude sedentary work activity with restrictions.

The use of the grids is not appropriate unless the ALJ finds "(1) that the claimant has no significant nonexertional impairment, (2) that the claimant can do the full range of work at some RFC level on a daily basis, and (3) that the claimant can perform most of the jobs in that RFC level." Thompson v. Sullivan, 987 F.2d

1482, 1488 (10th Cir. 1993). Claimant asserts her pain is a non-exertional impairment which precludes the use of the Grids. "[D]isability requires more than mere inability to work without pain. To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment." Furthermore, "the mere presence of a nonexertional impairment does not automatically preclude reliance on the grids." Channel v. Heckler, 747 F.2d 577 at 582 n.6 (10th Cir. 1984). The presence of nonexertional impairments precludes reliance on the grids only to the extent that such impairments limit the range of jobs available to the claimant. Id.

It should be noted that Claimant does not challenge the ALJ's credibility finding on pain in this review. The finding of the ALJ that Claimant's subjective severe pain complaints were not credible is supported by the record. Further, the findings that Claimant suffered from no nonexertional impairment serious enough to limit the range of jobs available to him was supported by substantial evidence. Thus, the ALJ properly relied on the medical-vocational guidelines to demonstrate the existence of substantial gainful work in which Claimant could engage. See, Castellano v. Sec. of Health & Human Servs., 26 F.3d 1027, 1030 (10th Cir. 1994)("reliance on the grids was not error as the ALJ found plaintiff's testimony regarding his pain not fully credible"). The fact the ALJ found a pain disorder as an impairment does not automatically lead to the

conclusion that he could not rely upon the grids. The existence of an impairment at step two does not preclude a finding that a range of jobs are available to the Claimant.

### ALJ's RFC Findings

Claimant next challenges the ALJ's finding that Claimant could perform medium work. In his decision, the ALJ relied upon the findings of Dr. J. D. McGovern in reaching his RFC assessment. (Tr. 21-22). However, Dr. McGovern generated his report on December 4, 2000, well after Claimant's date of last insured. Although Defendant argues Dr. McGovern included an evaluation of Claimant's medical history in his report, he did not specifically relate his findings to the relevant period. (Tr. 457). Additionally, even if the ALJ had properly relied upon Dr. McGovern's findings, his RFC does not support a finding that Claimant could perform medium work. Dr. McGovern and the ALJ found Claimant could occasionally lift and/or carry 50 pounds and frequently lift and/or carry 20 pounds. (Tr. 22, 460). Medium work requires frequent lifting of at least 25 pounds. Soc. Sec. R. 83-10. Therefore, this Court must conclude the ALJ's RFC evaluation requires reversal and remand for consideration of evidence during the relevant period and assessment of that evidence in reaching a proper determination of work ability at step five.

### Consideration of VA Disability Rating

Claimant's final argument asserts the ALJ failed to consider the disability rating provided to him by the VA. While not binding upon the ALJ, the determination of disability by another agency must be considered by the ALJ and reasons must be provided as to why it the rating was not found persuasive. Grogan v. Barnhart, 399 F.3d 1257, 1262-63 (10th Cir. 2005). The failure to do so constitutes reversible error. Id.

The ALJ acknowledges Claimant's erroneous testimony that the VA rated him 100% service disabled in his decision. (Tr. 22). However, the ALJ does not reference the VA's actual disability rating for Claimant in his opinion – consequently, he also failed to discuss the basis for not finding the VA rating persuasive. This omission requires the reversal of the ALJ's decision and remand for the purpose of including a discussion of the VA's disability rating.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and REMANDED** for further proceedings.

The parties are herewith given ten (10) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within ten (10) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 9th day of September, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE